Honorable Samuel J. Steiner

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| ELECTRIC VEHICLE COMPONENTS, LLC, d/b/a EV Components, | ) ) ) | |
| Debtor(s). | ) ) | |
| In re: | ) ) | |
| ELECTRIC VEHICLE COMPONENTS, INC., d/b/a EV Components, | ) ) ) | Bankruptcy No. 10-18150-SJS |
| Debtor(s). | ) ) ) | Adversary Case Number: 10-01498-SJS |
| BANKRUPTCY ESTATE OF ELECTRIC VEHICLE COMPONENTS, LLC, by and Through Michael B. McCarty, Bankruptcy Trustee, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | ANSWER TO COMPLAINT FOR TURNOVER OF PROPERTY AND |
| v. | ) ) | FOR RECOVERY OF PREFERENCE |
| JAMES MORRISON and JANE DOE MORRISON, husband and wife, and the Marital community comprised thereof, | ) ) ) ) | |
| Defendant. | ) ) | |

COMES NOW James Morrison, Defendant, pro se, and answers Michael B. McCarty,

Bankruptcy Trustee's Complaint as follows:

ANSWER TO COMPLAINT FOR TURNOVER
OF PROPERTY AND FOR RECOVERY OF PREFERENCE

pg. 1

1. Defendant is both the Principal Partner and founder of EV Components, LLC, and the President/CEO of EV Components, Inc. and it's sole secured creditor.

2. Defendant is a resident of King County, Washington. Any acts of Defendant were for the attempted preservation of the entity EV Components and the preservation of the assets. Defendant's spouse is not a partner, officer, check signer, shareholder, employee, nor has she connection, participation, or knowledge of any aspect of the businesses herein.

3. Defendant recognizes the Court's jurisdiction.

4. The assets of the estate were listed in the Chapter 7 filing.

5. The assets of the estate are in storage and defendant has been ordered not to sell or otherwise dispose of property and assets.

6. The Trustee has been notified that the assets in storage are not available to Defendant because the rent on the storage unit is 2 months in arrears. Assets are at risk for seizure by the owners/operators of the storage facility to be sold at auction.

7. Value of the estate assets is stated in error:
   (a) Defendant had two partners in the business. As stated in the bankruptcy filing David Kois, Partner, and Otmar Ebenhoech, Associate planning to become a partner. David Kois stole inventory in the amount of approximately $20,000 to $30,000 plus $23,751.00 in health insurance premiums. Otmar Ebenhoech removed $25,000 to $40,000 in equipment necessary to manufacture a product, making it impossible for the business to manufacture and deliver the product for which deposits had been paid by customers. Prior to the bankruptcy filing, Defendant had attempted to recover these assets of the business by filing suit in State Court.
   (b) David Kois, Partner in EV Components, LLC, contacted customers of the business who had placed deposits for products and induced them to file suit against the business for recovery of those deposits.

ANSWER TO COMPLAINT FOR TURNOVER
OF PROPERTY AND FOR RECOVERY OF PREFERENCE

pg. 2

(c) The described remaining assets of the business have a declining value due to storage since much of the inventory and assets are technical components, batteries, electrodes, and equipment subject to deterioration in storage and very subject to damage due to handling. Assets are also time and technology sensitive and are worth less for each three to six months since manufacture.
(d) The actual value of the remaining assets is indeterminable until sold; but, after thefts and loss of value due to handling the true value is estimated to be less than $100,000. The value listed in the bankruptcy filing was from invoices and does not subtract what was stolen or removed from the business by Kois and Ebenhoech.

8. Defendant, James Morrison, is a secured creditor, based on loan documents and a UCC filing. The loan to the business was made over one year prior to the filing of the bankruptcy.

   The UCC filing was made on advice of counsel approximately two months after the loan was made and the moneys deposited into the company. Loan documents and interest payments on the loan were fully documented.

9. The loan was to finance the company's inventory and was secured by the inventory and assets purchased with those same moneys.

10. At the time of the transfer, the debtor was not insolvent.

11. The "transfer" of the assets was not a transfer. It was the documentation of an inventory loan. The loan was made over one year prior to the filing of the bankruptcy and the bankruptcy was precipitated by theft and misappropriation of inventory, assets, and equipment by other principals in the business, totally unanticipated by Defendant and making it difficult for him to service existing customers. Plaintiff's assertion that Defendant should not be a secured creditor is inappropriate and erroneous.

ANSWER TO COMPLAINT FOR TURNOVER
OF PROPERTY AND FOR RECOVERY OF PREFERENCE

pg. 3

12. Defendant is not liable to Plaintiff in the sum stated.

13. Defendant denies Plaintiff's allegation that he is not a secured creditor. The filing of the UCC was timely relative to the inventory loan made to the company on advice of counsel, and was not a fraudulent conveyance. The bankruptcy and the events leading directly to it were not and could not have been anticipated in any event by Defendant.

WHEREFORE, Defendant prays for judgement as follows:

    (a) deny Plaintiff's request for judgment in the amounts stated;

    (b) deny Plaintiff's request for avoiding the transfer of security interest;

    (c) deny Plaintiff's request for costs of suit;

DATED this 27th day of September, 2010.

JAMES MORRISON
JANE DOE MORRISON and the
Marital community comprised thereof

_/s/ James Morrison_
JAMES MORRISON, Defendant

I certify that a true and correct copy of this answer was mailed to James Rigby, Plaintiff's Attorney, by first class mail on September 28th, 2010.

_/s/ James Morrison_
JAMES MORRISON, Defendant

ANSWER TO COMPLAINT FOR TURNOVER OF PROPERTY AND FOR RECOVERY OF PREFERENCE

pg. 4